## BELL et al. v. GRESS MANUFACTURING CO.

BECK, J.  1. A bill of exceptions having been sued out within twenty days of the date of the decision complained of, and having been transmitted to this court within the time allowed by statute, a motion to dismiss upon the ground that "the writ of error in said cause makes the same returnable to the March term, 1906, of the Supreme Court, whereas it should have been made returnable to the October term, 1905, of said court, the minutes of said court showing that said October term was still in session at the time the writ of error was sued out," is without merit, and is overruled. *Gordon* v. *Gordon*, 109 *Ga.* 262.

2. The written instrument attached to plaintiff's petition and relied upon to sustain its contention that it was entitled to an injunction against the defendants, showed upon its face, instead, that for a sum of money therein specified, which was represented by a promissory note, it had bargained and sold the timber upon certain described lands to one of the defendants; and the undisputed evidence showing that the vendee paid all the purchase-price, his right to sell and convey all of said timber became absolute, notwithstanding there was embraced in said written instrument an alleged contract imposing certain obligations upon the vendee, which by its terms appeared to be unilateral and void for want of

mutuality. Consequently it was error for the court to grant an injunction against the defendant vendee, restraining and enjoining him and his codefendants, who had purchased from him the said property, from cutting and disposing of the timber. *Cooley* v. *Moss*, 123 *Ga.* 707.

*Judgment reversed. All the Justices concur.*

Submitted April 18,— Decided November 16, 1906.

Injunction.     Before Judge Spence.     Worth superior court. February 12, 1906.

The Gress Manufacturing Company sought an injunction to prevent Bell and others from cutting or disposing of timber to which the defendants claimed title under a certain contract between the plaintiff and Bell, the plaintiff contending that Bell had failed to comply with the conditions of the contract, and had not acquired title to the timber. The contract was as follows: "Georgia, Berrien county. This contract and agreement, made and entered into this the 13th day of January, 1905, by and between Gress Mfg. Co., of Berrien county, party of the first part, and H. F. Bell, of Worth county, party of the second part, witnesseth, that for and in consideration of the sum of $800, represented by a promissory note for this amount, due six months after date, the receipt of which is hereby acknowledged, the said party of the first part does hereby sell, alien, convey, and deliver to the said party of the second part all of the timber suitable for sawmill purposes upon the following described land [describing it]. The said party of the second part hereby agrees to saw the said timber into merchantable lumber on the following terms: to begin cutting or sawing the same by March 15th, or sooner, on orders furnished by parties of the first part, at the market price for such lumber as may be sawed. The filing and accepting of an order thus furnished by the party of the first part shall be an acknowledgment on the part of the party of the second part that the said order was furnished at the market price, and shall not be subject to dispute by the said party of the second part. Said party of the second part agrees to saw continually until all of said timber is cut into lumber in accordance with the terms of this contract, and to cut not less than fifty thousand feet of lumber per month, and to allow the said party of the first part to retain $2 per thousand feet from each car as it is shipped, same to be applied to payment of above note, and to the payment of any further advance which may be

made by the said party of the first part to the said party of the second part." The contract was signed by each party. The petition alleged, that Bell had failed to comply with the contract in this: that he had failed to cut 50,000 feet of lumber per month as agreed, and had failed to fill promptly all orders furnished by the plaintiff, after having accepted them; and that the plaintiff had thus been damaged in a stated sum, for which judgment was prayed.

The defendants demurred generally and specially to the petition, and answered, denying its material allegations. On the hearing it appeared, that on January 11, 1906, Bell executed to his codefendants a lease of the timber referred to in the foregoing contract, and that on January 30, 1906 (before the petition was filed), the note given by Bell to the plaintiff for the purchase-price of the timber was paid. The judge passed an order enjoining the defendants from disposing of the timber situated on the land described, and they excepted.

*Payton & Hay*, for plaintiffs in error. *F. S. Harrell*, contra.