## 2538.  LOCKETT & WILLIAMS *v.* GRESS MANUFACTURING COMPANY.

1. The court erred in awarding a nonsuit. While, prima facie, the grant of an injunction conclusively establishes that there was such probable cause for the application for injunction as will bar a subsequent action by the losing party for the malicious use of legal process even though damage ensued, still if the applicant for injunction did not recite the facts fairly, or if the injunction was procured by perjury, then the order or judgment granting an injunction will not afford protection to him in a subsequent suit for damages arising from the malicious use of civil process or the malicious prosecution of a civil case.

2. The party against whom it is sought to assert the judgment on injunction may avoid its effect by showing that it was obtained by reason of the fact that the opposite party fraudulently misrepresented the facts to the judge, or by showing that the injunction was obtained through the corruption of the judge, induced by the opposite party. Proof that the judge was biased and prejudiced in the case is incompetent and irrelevant, unless the bias or prejudice was directly or indirectly induced or produced by the party seeking the injunction. In no case can the judgment be impeached by the judge's subsequent declarations in reference thereto.

DECIDED FEBRUARY 15, 1911.

Action for damages; from city court of Tifton—Judge R. Eve. February 11, 1910.

*C. C. Hall, Claude Payton, C. E. Hay*, for plaintiffs.

*Fulwood & Murray*, for defendant.

RUSSELL, J.  1. The Gress Manufacturing Company obtained an injunction against Lockett & Williams as codefendants with one Bell, enjoining them from cutting timber upon certain lands which Lockett & Williams had purchased from Bell. The judgment granting the injunction was reversed by the Supreme Court. *Bell* v. *Gress Mfg. Co.*, 127 Ga. 15 (55 S. E. 1043). Thereupon Lockett & Williams brought the present action against the Gress Manufac-

turing Company to recover damages on account of the alleged malicious prosecution of the above-stated case. Upon the conclusion of the evidence for the plaintiffs the court awarded a nonsuit; and the writ of error challenges the correctness of this judgment.

According to the evidence of the plaintiffs, it is clear that they were damaged by the issuance of the injunction, and the only question is whether the Gress Manufacturing Company can be held liable for these damages, or, in other words, whether, conceding that the jury would have been authorized to act upon the evidence introduced by the plaintiffs as representing the truth of the transaction, the Gress Manufacturing Company is liable for these damages. We think the plaintiffs made a prima facie case, which, in the absence of evidence on the part of the defendant, would have authorized a recovery, and that therefore the judge erred in withdrawing the case from the jury. As we have frequently held, a motion for a nonsuit is merely a demurrer to the sufficiency of the evidence to prove the plaintiff's case as laid, and a nonsuit should never be granted except where it plainly appears that there is no view of the evidence in which a recovery by the plaintiff would be authorized. We think the evidence in this case was sufficient to authorize the jury to infer that the injunction was prosecuted without any probable cause; and, of course, malice may be inferred from the total absence of probable cause. The essential ingredients of an action for the malicious use of civil process are the same as those in the case of a malicious criminal prosecution. It must appear that the action was prosecuted maliciously and without probable cause. The fact that the action was prosecuted maliciously would not raise an inference that there was not probable cause, but the total want of probable cause would supply circumstantial evidence of the malice required by law.

In the present case the evidence for the plaintiffs is sufficient to support the conclusion that there was no reason why the Gress Manufacturing Company should have sought an injunction against them, unless some ulterior object was in view, by means of which it hoped to gain an unfair advantage over them. It appears, from the evidence for the plaintiffs, that they wished to purchase from Bell certain timber, on which the Gress Manufacturing Company held a mortgage. They employed an attorney and sent him to Tifton and arranged with the Gress Manufacturing Company to

pay the balance due by Bell on the mortgage. The Gress Manufacturing Company drew a draft for the balance which it claimed Bell was due it, and the draft was paid. After Lockett & Williams had thus satisfied the claim against Bell and their lien upon the timber, and had at great expense placed their mill, teams, and commissary where the timber they had purchased could be sawed and marketed, the Gress Manufacturing Company procured the injunction which was finally held by the Supreme Court to have been improperly and erroneously granted, and from which damage ensued. Of course, the proof of this fact alone would not have authorized a recovery on the part of the plaintiffs; and proof of this fact, without more, would not have prevented a nonsuit. Prima facie, a plaintiff is not liable to an action for the malicious use of civil process, if his contention is sustained in the court having original jurisdiction, even though the judgment therein rendered be afterwards set aside and annulled. The defendant in such case is by law estopped from recovering the damages consequent upon or resulting from the erroneous judgment, because the very fact that a judgment was rendered in behalf of the plaintiff affords conclusive evidence that the suitor had probable cause. Where a plaintiff has probable cause to pursue a remedy, the fact that his action is influenced or accompanied by malice makes no difference. But though it is generally to be presumed that the rendition of a judgment in favor of the plaintiff in the former action,—the defendant in the suit for damages,—is such evidence of probable cause in the former suit as to afford an insuperable bar to an action for the malicious use of civil process, an exception to this rule is recognized. And in any case where it is shown that the prior judgment was fraudulently obtained, either because the plaintiff in the antecedent case did not make a fair representation of the facts of his case, or because the finding therein was induced or procured by perjury, the effect of the judgment in his favor is invalidated. In this case there is evidence which would authorize the jury to infer that the statements contained in the petition for injunction and verified by an officer of the Gress Manufacturing Company, as well as testimony offered in behalf of the injunction at the hearing, were not only false, but known to be false by the witness and by the petitioners. If the jury so found, the prior judgment would afford no protection to the defendant in the present action in rebutting a lack of probable cause,

but, on the contrary, would show that the proceeding for injunction was instituted and carried on without probable cause. For this reason we think the court erred in awarding a nonsuit. If the jury were satisfied, from the evidence, that the judge would not have granted the injunction but for fraudulent representations on the part of the Gress Manufacturing Company, and that that judgment was induced by perjury, upon this branch of the case the plaintiffs in the present action would be entitled to recover.

2. There is no merit in the assignments of error regarding the rejection of testimony attempting to show bias of the judge. It is true that if it can be shown that the judge, in granting an injunction, was influenced by corrupt motives, this fact will avoid the bar which the judgment would otherwise afford, provided the corruption was induced, either directly or indirectly, by the party in whose favor the injunction was granted; for, no matter how prejudiced or biased a judge may have been against the losing party or his counsel, the prevailing party could not be held responsible or liable therefor, if he did nothing towards producing the prejudice or bias by which the judge was affected. Certainly in no case could the fact that the judge was influenced by improper motives, whether of personal bias and prejudice or even of pecuniary gain, no matter how corrupt his conduct, be established by his statements made after the rendition of the judgment. A juror will not be heard to impeach his own finding, and neither can the statements of a judge, after his judgment has been rendered, be received to impeach his finding upon the law and to affect the rights of parties interested.

*Judgment reversed.*