4260.   STEWART *v.* MULLIGAN.

POTTLE, J. 1. An action for the malicious use of process in a civil suit will lie where the person of the defendant is arrested or his property attached. *Woodley* v. *Coker*, 119 *Ga.* 226 (46 S. E. 89). The petition in the present case set forth a cause of action of the nature above indicated.

2. Evidence of a general disregard of the right consideration of mankind, directed by chance against the individual injured, is sufficient proof of malice. Civil Code (1910), § 4451.

3. Malice may be inferred from a total want of probable cause. Civil Code (1910), § 4444; *Hicks* v. *Brantley*, 102 *Ga.* 264 (29 S. E. 459); *Lockett* v. *Gress Mfg. Co.*, 8 *Ga. App.* 773 (70 S. E. 255).

4. When the circumstances show that no reasonable grounds existed for suing out the process, want of probable cause is established. The fact that the process was sued out on advice of counsel is only one of the circumstances to be considered by the jury in passing upon the question of malice and want of probable cause. *Hicks* v. *Brantley*, supra.

5.. The action being one for the malicious use of a possessory warrant sued out for the ostensible purpose of recovering a diamond ring, it was not error to reject evidence that the defendant was in possession of other articles of jewelry given her by the person to whom the plaintiff had loaned the ring.

6. Evidence was not admissible that before the suing out of the warrant the plaintiff therein had stated to the witness his belief that the defendant was in possession of the ring described in the warrant. Mere belief, without evidence upon which to found it, would not show probable cause.

7. It was competent to show that the plaintiff had never been in possession of the ring described in the warrant.

8. The guardian of the defendant (who was a minor when the warrant was issued) having testified that he investigated the transaction with the defendant and reached the conclusion, and was still of the opinion, that probable cause for the issuance of the warrant existed, it was not erroneous to admit evidence of a statement, made by the guardian after the trial of the possessory-warrant case, that if he had known the facts he would not have permitted his ward to sue out the warrant.

9. There was no abuse of discretion in refusing to reopen the case for the purpose of allowing the defendant to testify in his own behalf; and especially will the court's discretion as to this matter not be controlled when the record fails to show what facts the defendant would have testified to had the case been reopened.

10. The trial judge having correctly left to the jury the determination of the question of the existence of probable cause for the suing out of the process, it was not error to refuse to charge that if the defendant had certain information, which he contended had been given to him prior to the suing out of process, the jury should find that probable cause existed. Such an instruction would have been an expression of opinion upon the evidence, and in effect the direction of a verdict in favor of the defendant; and the evidence was not of such a character as to justify such a direction.

11. The fact that the trial judge, in his charge, characterized the possessory-warrant proceeding as a "criminal prosecution" was not sufficient cause for a new trial. The proceeding was of a quasi-criminal nature, and under it the person of the defendant was arrested; but, treating it as a civil process, the instruction complained of was harmless.

12. It was not error to charge, "The recovery should not be confined to the

actual damages sustained by the accused, but should be regulated by the circumstances of each case." Civil Code (1910), § 4443.

13. The following instruction was not erroneous for any reason assigned: "Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which she was prosecuted."

14. The evidence fully warranted the verdict, and no sufficient reason has been shown for reversing the judgment overruling the motion for a new trial.                                          *Judgment affirmed.*

DECIDED OCTOBER 9, 1912.

Action for damages; from city court of Fitzgerald—Judge Wall. May 3, 1912.

*Haygood & Cutts, M. B. Cannon,* for plaintiff in error.
*McDonald & Grantham,* contra.