HELEN READE, Appellant, *v.* WILLIAM J. HALPIN and THE SOCIETY OF THE SISTERS OF ST. JOSEPH OF THE CITY OF TROY, Respondents, Impleaded with FREEMAN H. MUNSON, Defendant.

Third Department, November 10, 1920.

Malicious prosecution — complaint alleging that lunacy proceedings were maliciously prosecuted — certificates of physicians based on false information furnished by defendants — affidavits may not be used on motion for judgment on pleadings — joint tort feasors — when verdict in favor of one defendant does not exonerate others.

A complaint which in substance alleges that the defendants maliciously conspired to have the plaintiff committed to an insane asylum and for that purpose commenced and prosecuted lunacy proceedings against the plaintiff under article 4 of the Insanity Law which resulted in a decision in favor of the plaintiff and the dismissal of said proceedings, states a cause of action for malicious prosecution.

Although the malicious prosecution of a civil action does not ordinarily give rise to an action to the person maliciously prosecuted, lunacy proceedings are not in the nature of a civil action to redress an individual wrong but in their consequences more nearly resemble a criminal prosecution.

The maintenance of such action for malicious prosecution is not barred on the theory that defendants had probable cause by the fact that qualified medical examiners certified to the lunacy of the plaintiff if in fact they acted on false and fraudulent information furnished by the defendants.

On a motion for judgment on the pleadings affidavits showing proceedings in an action subsequent to joinder of issue cannot be considered.

A former verdict in favor of one of the defendants, who was superintendent of the county poor, does not exonerate the other defendants who instigated the lunacy proceedings, and the rule that the exoneration of one of several tort feasors responsible for the same tort exonerates the others does not apply.

APPEAL by the plaintiff, Helen Reade, from a judgment of the Supreme Court in favor of the defendants, William J. Halpin and another, entered in the office of the clerk of the county of Rensselaer on the 11th day of May, 1920, pursuant to an order made at the Albany Special Term and entered in said clerk's office on the same day, dismissing the complaint as against the above-named defendants on the ground that said complaint as to the said defendants does not state facts sufficient to constitute a cause of action, and also from the order, upon which said judgment was entered, granting defendants' motion for judgment on the pleadings in favor of said defendants and directing that said defendants have judgment dismissing the complaint on the ground aforesaid.

The complaint was dismissed upon the merits as to the defendant Freeman H. Munson by a judgment entered in the office of the clerk of the county of Rensselaer on the 31st day of May, 1917. The opinion of the Special Term is reported in Reade v. Halpin (111 Misc. Rep. 675).

The plaintiff alleges in her complaint that the defendant, The Society of the Sisters of St. Joseph of the City of Troy, is a domestic corporation in the county of Rensselaer; that she entered its convent known as St. Joseph's Convent and became a nun and a member of said defendant society; that the defendant Munson was the superintendent of the poor of said county; that the defendant Halpin was the priest acting as chaplain at the said convent of the defendant society; that the defendants maliciously conspired to have the plaintiff committed to an insane asylum; that the defendant Munson without knowledge of the facts but relying upon false information given him by the other defendants and known by them to be false and maliciously furnished by them to be used by him for the purpose of commencing a lunacy proceeding against this plaintiff, verified a petition for that purpose; that the defendant Halpin furnished false information to two physicians who examined plaintiff in such lunacy proceeding

Third Department, November, 1920.          [Vol. 193.

which information was known to the said Halpin and to the said society to be false and untrue, but notwithstanding the said society wrongfully and maliciously prosecuted said lunacy proceeding with intent to injure the plaintiff; that said petition of the defendant Munson and the certificate of lunacy of said physicians including the information furnished them by the defendant Halpin were presented to the county judge of Rensselaer county and a hearing had before him and plaintiff was examined and cross-examined therein; that none of the defendants had reasonable grounds to believe that the plaintiff was then insane and that the defendants Halpin and the said society knew that the plaintiff was sane and so treated and regarded her; that said proceeding resulted in a decision in favor of the plaintiff and said petition was dismissed and plaintiff declared to be sane; that said malicious acts of the defendants have injured the plaintiff in her standing and reputation as a member of said society and in the community where she resides and have deprived her of her means of support and of the only home which she had known for many years and of the society of her natural friends and religious associates and have rendered it almost impossible for her to obtain employment in any capacity.

The defendants Halpin and the society having answered the complaint moved for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action, which motion was granted, and from the order granting such motion and judgment entered thereon the plaintiff appeals.

*James Farrell,* for the appellant.

*Thomas S. Fagan,* for the respondents.

COCHRANE, J.:

The complaint contains all the elements of an action for malicious prosecution, providing a proceeding for the commitment of an insane person under article 4 of the Insanity Law may constitute the basis for such action. It has been held in this State that an action cannot be maintained for the malicious prosecution of an ordinary civil action where the person or property of the defendant in that action is not

interfered with by order of arrest, warrant of attachment or otherwise. (*Paul* v. *Fargo,* 84 App. Div. 9; *Breckheimer* v. *Loew,* 168 id. 956.) There is an irreconcilable conflict of authorities in the various jurisdictions in respect to the question decided in those cases. No authority, however, to which our attention has been called holds that an insanity proceeding as above indicated may not constitute the foundation of an action for malicious prosecution. The cases cited are not applicable to such a proceeding. It is not an " ordinary civil action " as were those cases. In respect to its relation to an action for malicious prosecution it much more closely in its characteristics resembles the characteristics of a criminal action. It is not instituted for the enforcement of an individual right or the redress of an individual wrong. The person who institutes it has nothing personally to gain or lose and if acting in good faith his sole purpose is the protection of the alleged lunatic and the protection of society. In its consequences it may be more serious than a criminal prosecution. It seeks nothing less than the incarceration of the individual proceeded against. The reasons which have been deemed controlling in those cases which hold that a civil action maliciously prosecuted does not give a cause of action to the person thus maliciously prosecuted do not exist in respect to a proceeding under the Insanity Law. Even the meager compensation of costs recovered by a successful defendant in a civil action, which circumstance is sometimes given as a reason why a civil action maliciously prosecuted cannot be made the basis of another action, is not available under that law. In the absence of any authority holding that this action may not be maintained we think it should be held that the principles applicable to a malicious criminal prosecution apply here and that the complaint accordingly states a cause of action.

It is suggested that it appears on the face of the complaint that two qualified medical examiners certified to the lunacy of the plaintiff and that, therefore, the defendants had probable cause to believe she was insane. That might be so if they had acted solely on the strength of such certificate. But it appears from the complaint that the certificate itself of these lunacy examiners consists partly of false information fraudulently furnished by the defendant Halpin with the knowledge

of the defendant society and such certificate was required to be accompanied by the petition of the defendant Munson (Insanity Law, § 80) which was based on false information given by said defendant Halpin and known by him and the defendant society to be untrue. It cannot be determined from the complaint that the medical examiners would have certified that the plaintiff was insane except for the false information designedly given them by the defendants. If the complaint is true they were at least partly responsible for the certificate of lunacy which was in fact false. It is expressly alleged in the complaint that they " knew that the plaintiff was then sane and so treated and regarded her." It was decided in the lunacy proceeding that the certificate of the medical examiners was false and the meaning of the complaint, therefore, is that the defendants, knowing the plaintiff to be sane, must have known that the certificate was false and helped to make it false.

Affidavits were presented on the motion showing the proceedings subsequent to the joinder of issue and that there had been two trials of this action at one of which a verdict in favor of the defendant Munson was rendered and at both of which the jury disagreed as to the other defendants. There is no authority for the use of affidavits on a motion of this kind which is based solely on the pleadings. If we were at liberty, however, to consider the fact that the defendant Munson had been exonerated it would not change our decision. One of several defendants may be liable in an action of this nature. A verdict in favor of the defendant Munson is not inconsistent with a verdict against the others, and those authorities which hold that the exoneration of one of several tort feasors responsible for the same tort exonerates the others when the one exonerated was primarily responsible have no application to the present case.

The judgment and order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur; KILEY, J., in result.

Judgment and order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.