## Timmey v. Bloom.

*Stevens & Lee,* for plaintiff; *Samuel E. Bertolet,* for defendant.

MAYS, J., Dec. 16, 1929.—This is an action in trespass by Gertrude Timmey against La Rue Deem Bloom for having willfully and maliciously, and without just or reasonable cause, instituted a proceeding in the Court of Common Pleas of Berks County, styled Commonwealth of Pennsylvania v. Gertrude Timmey, No. 31, September Term, 1929, for the purpose of an inquiry as to whether or not the defendant therein, plaintiff here, was mentally ill. The plaintiff alleges in the statement of claim that the defendant willfully and

maliciously contriving and intending to injure and defame the plaintiff, and to hold her up to public contempt and ridicule, and to deprive her of her liberty, did willfully and maliciously institute the proceeding above referred to, alleging therein (probably referring to the petition which was verified by La Rue Deem Bloom, the defendant here) that the plaintiff was mentally ill; that said allegation was made and said proceeding instituted without any just or reasonable cause, and with the knowledge that the plaintiff was not mentally ill; that said allegation was made and said proceeding instituted unjustly, unfairly, maliciously and intentionally for the purposes aforesaid; that by reason of defendant's action, a commission was issued and plaintiff subjected to an examination by the commissioners appointed by the court, who reported that plaintiff was not mentally ill, and recommended that the defendant pay the costs, which report was filed and confirmed by the court; and that the plaintiff was required to employ counsel to defend herself and to procure witnesses, and was subjected to great humiliation and to the contempt and ridicule of the public, and was greatly hurt in mind and spirit.

The defendant has filed an affidavit of defense in lieu of demurrer, raising the question whether or not the statement is sufficient in law to sustain the suit. It is averred that it does not disclose any facts upon which, if true, judgment could be legally entered in favor of plaintiff, and, again, that it fails to allege that the plaintiff was arrested or her property seized. Although it must be conceded that the statement might have been somewhat more clear and precise, yet we feel and say that it contains the necessary elements of an action, provided the proceeding for the commitment of an alleged insane person under the mental health act may constitute the basis for such action.

The defendant has called to our attention as cases supporting her contention Eberly v. Rupp, 90 Pa. 259; Muldoon v. Rickey, 103 Pa. 110; Garland v. Wilson, 289 Pa. 272; White v. Rosenbaum Co., 73 Pa. Superior Ct. 99, and others. It is true that the principles there discussed lead to the conclusion, in effect, that an action of trespass for malicious use or abuse of legal process cannot be maintained in the absence of an unlawful interference with person or property. The actions, however, arose out of suits at law or in equity. In a lengthy and exhaustive opinion in the case of Cohens v. Virginia, 19 U. S. ((6 Wheat.) 264, 5 L. Ed. 257, Chief Justice Marshall says: "What is a suit? We understand it to be the prosecution, or pursuit, of some claim, demand or request. In law language, it is the prosecution of some demand in a court of justice. The remedy for every species of wrong is, says Judge Blackstone, 'the being put in possession of that right whereof the party injured is deprived. The instruments whereby this remedy is obtained are a diversity of suits and actions, which are defined by the Mirror to be "the lawful demand of one's right." Or, as Bracton and Fleta express it, in the words of Justinian, "jus prosequendi in judicio quod alicuit debetur." Blackstone then proceeds to describe every species of remedy by suit; and they are all cases where the party suing claims to obtain something to which he has a right." In a lunacy proceeding, which is the basis of this suit, we have more than an action or process for the redress of an injury or the recovery of a right. This being so, the cases cited by the defendant are not applicable. The proceeding under the mental health act is in the name of the Commonwealth, and although the charge of being insane is not a criminal one, it is, nevertheless, like an accusation of crime, humiliating. A strong suspicion of insanity is liable to leave its impress not only upon a innocent victim, but upon posterity. It may affect the chances of entering into a marital relation,

290

may interfere with the procuring of life insurance, and may have a tendency to exclude the accused from social intercourse. As has been said by some of the courts, it is "so serious in every aspect that words can barely adequately describe it."

There seem to be no Pennsylvania cases squarely in point, but there are numerous decisions in other jurisdictions which are here applicable and which we believe support the conclusion that the statement does set up a good cause of action. In United States ex rel. Curtiss v. Haviland, 297 Fed. Repr. 431, it was held that an inquisition of lunacy under a state statute which, as therein provided, is conducted by a commission appointed on petition by a judge of the superior court, is not a "suit of a civil nature" pending in a state court which is removable under Judicial Code, § 28 (Comp. St., § 1010). In Lockenour v. Sides, 57 Ind. 360, 26 Am. Reps. 58, Justice Worden says: ✦ "The proceedings to procure the plaintiff to be found insane, and to place him under guardianship, are not entirely like a civil action, in which the plaintiff therein claims some right in his own behalf. If the proceedings were instituted and carried on by the defendants maliciously and without probable cause, as alleged, the defendants were officious intermeddlers, without any claim of right or interest in the matter; and they are, in our opinion, liable to the plaintiff for the damages, in excess of the taxable costs, sustained by him by means of the proceedings." And in Barton v. Woodward, 182 Pac. Repr. 916, 5 A. L. R. 1090, it is said: "While there are authorities which go to the extent of so holding, the modern and better rule is to the effect that an action for malicious prosecution will lie against one who has maliciously and without probable cause instituted lunacy proceedings against another."

What is said by Justice Cochrane in Reade v. Halpin, 184 N. Y. Supp. 438, more fully presents the reasoning that we would adopt for the conclusion arrived at: "In respect to its relation to an action for malicious prosecution, it much more closely in its characteristics resembles the characteristics of a criminal action. It is not instituted for the enforcement of an individual right or the redress of an individual wrong. The person who institutes it has nothing personally to gain or lose, and if, acting in good faith, his sole purpose is the protection of the alleged lunatic and the protection of society. In its consequences it may be more serious than a criminal prosecution. It seeks nothing less than the incarceration of the individual proceeded against. The reasons which have been deemed controlling in those cases which hold that a civil action maliciously prosecuted does not give a cause of action to the person thus maliciously prosecuted do not exist in respect to a proceeding under the insanity law. . . . In the absence of any authority holding that this action may not be maintained, we think it should be held that the principles applicable to a malicious criminal prosecution apply here, and that the complaint accordingly states a cause of action."

Attention is also directed to the case of Hinchman v. Richie, Brightly's Rep. 143, where it appears (pages 166-67) that the court, in affirming a point, concluded that the suing out of a commission of lunacy is not actionable unless it be done maliciously and without probable cause.

And now, to wit, Dec. 16, 1929, it is adjudged that, upon the questions of law raised by defendant's affidavit of defense, defendant is not entitled to judgment; that her application, therefore, is refused, and that the defendant be at liberty to file a supplemental affidavit of defense to the averments of fact of the plaintiff's statement within fifteen days from this date.

From Charles K. Derr, Reading, Pa.