22644. HAVERTY FURNITURE COMPANY *v.* THOMPSON.

DECIDED APRIL 5, 1933. REHEARING DENIED APRIL 26, 1933.

*Harold Hirsch, Marion Smith, A. S. Clay, Weekes & Candler,* for plaintiff in error.

*Poole & Fraser,* contra.

SUTTON, J. Mrs. Fred B. Thompson sued the Haverty Furniture Company for damages on account of chattel-mortgage foreclosure proceedings by the company against her when the mortgage debt had been fully paid and satisfied, alleging that her property

was seized under the process, and that the proceedings were dismissed by the company. The officer to whom the process was directed did not actually seize the property, but went to the plaintiff's home and announced to her mother-in-law his business at the home, whereupon she informed him that the plaintiff was very sick and could not be disturbed, and that the property was in the sick-room. He asked to see the property, and the plaintiff's mother-in-law took him into the living room and the door between the sick-room and the living room was cracked open a little. The levying officer informed the mother-in-law that on account of the plaintiff's condition he would not take the property just yet, but that he would leave the property in her care, holding her responsible therefor. The officer entered on the writ that the levy had been made. Plaintiff heard the colloquy between the officer and her mother-in-law, and she alleged that she suffered a serious setback in her illness by reason thereof, having gotten up out of bed in order to search for her receipts showing that she had paid the account to the Haverty Furniture Company in full. The defendant did not demur to the petition, nor did it move to dismiss the case, but proceeded to trial on the issue made by the petition and its answer. The trial resulted in a verdict for the plaintiff, and the defendant made a motion for a new trial, which was overruled, and to this judgment it excepted.

1. Properly construed, this was an action for the malicious use of legal process. Where the property of a person is seized under a valid process issued against her, malice, want of probable cause and determination of the proceedings in favor of the defendant in the action must all be alleged and proved, to support such an action. *Fulton Grocery Co.* v. *Maddox,* 111 *Ga.* 260, 262 (36 S. E. 647); *Porter* v. *Johnson,* 96 *Ga.* 145, 148 (23 S. E. 123); *Clement* v. *Orr,* 4 *Ga. App.* 117 (60 S. E. 1017); *Marable* v. *Mayer,* 78 *Ga.* 710 (3 S. E. 429); *Hyfield* v. *Bass Furnace Co.,* 89 *Ga.* 827 (15 S. E. 752); *Mullins* v. *Matthews,* 122 *Ga.* 286, 289 (50 S. E. 101).

2. Where there is a total want of probable cause, it is a circumstance from which malice may be inferred. Civil Code (1910), § 4444; *Dannel* v. *Shirley,* 31 *Ga. App.* 764 (3) (122 S. E. 252); *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459); *Lockett* v. *Gress Mfg. Co.,* 8 *Ga. App.* 772 (70 S. E. 255); *Stewart* v. *Mulligan,* 11 *Ga. App.* 660 (75 S. E. 991); *Southwestern R. Co.* v. *Mitchell,* 80

*Ga.* 438 (5) (5 S. E. 490). The evidence in this case was sufficient to authorize the jury to infer that the mortgage-foreclosure proceedings were instituted without any probable cause. It was sufficient to support the conclusion that there was no reason why the defendant should have instituted the proceedings against the plaintiff, the defendant having admitted that the plaintiff had paid the mortgage debt in full and that it was due to a mistake on its part that the proceedings were instituted against her, unless some ulterior object was in view, by means of which it hoped to gain an unfair advantage of her. The evidence authorized the jury to infer that the action was begun maliciously, there being a total want of probable cause, and the court charged the jury fully as to the essentials of an action for malicious use of process, what constituted probable cause and malice, and that malice may be inferred from a total want of probable cause. In such circumstances, the contention that the verdict was unauthorized because it was not proved that the action was sued out maliciously and without probable cause is without merit.

3. Want of probable cause in a civil proceeding exists when the circumstances are such as to satisfy a reasonable and prudent man that he has no ground for suing out the civil proceeding. Civil Code (1910), § 4440; *Harber* v. *Davison-Paxon Co.*, 46 *Ga. App.* 457 (167 S. E. 781). Where plaintiff had purchased a rug from the defendant on credit and executed a chattel mortgage to secure the unpaid purchase-money, and thereafter paid the same in full, receiving from the defendant its receipt in full; and thereafter the defendant instituted chattel-mortgage foreclosure proceedings against the plaintiff in a justice's court, alleging a balance due on the purchase-price of the rug, and caused a levy on the rug to be made, this made a prima facie case of total want of probable cause. The fact that the defendant offered the excuse for suing out the proceedings that it was an honest mistake on its part, and that on discovery of the mistake it dismissed the proceedings, does not show of itself that the defendant acted in good faith and for justifiable ends, and does not show the existence of such facts and circumstances, although not amounting to probable cause, as were calculated to produce at the time in the mind of a prudent and reasonable person a well-grounded belief of the plaintiff's liability. See *Hicks* v. *Brantley,* supra; 38 C. J. § 70, 427.

4. In an action for malicious use of legal process the plaintiff must show that his person was arrested, his property seized under the process, or that he suffered some special damage by reason of the suing out of the process. *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398 (3) ; *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89) ; *Stewart* v. *Mulligan,* supra. In the present case the evidence authorizes a finding that the levying officer went to the home of the plaintiff to levy the process by seizing the property, but on his arrival there he found the plaintiff ill and the property in the sick-room. He was informed by the plaintiff's mother-in-law that he could not see the plaintiff. He asked to see the property, and the plaintiff's mother-in-law took him into the living room to see the property, and the door opening into that room from the sick-room was ajar. The officer said that he was supposed to take the property, that he must make the levy, but that if she would promise that she would be responsible for it he would leave it in her care. He then left the house and thereafter made an entry of levy on the process. The evidence showed that the plaintiff heard the colloquy between the officer and her mother-in-law, and that she got up to search for her receipts from the defendant, and thereby suffered a serious set-back in her illness. In these circumstances the evidence authorized a finding that the plaintiff's property was seized under the process and that she suffered special damage by reason of the suing out and levying of the process.

5. The original process had been lost and the defendant's attorney had prepared what purported to be a copy thereof and submitted it to the justice of the peace in whose court the action was instituted, and he certified the same as being a correct copy. On the trial the plaintiff proved by the justice that he issued the process and gave it to his bailiff to serve and levy. The court then admitted, over objection of the defendant, the evidence of the justice of the peace to the effect that he signed the certified copy, but that he did not have anything to go by except that the attorney for the defendant said he had seen the original and that he had made a copy thereof, and to the effect that the justice did not notice that the copy was not signed. This evidence was not inadmissible on the ground that there was no evidence before the court to rebut the correctness of the certified copy, and that such evidence was improper to vary and contradict the contents of such certified copy.

The justice of the peace could properly testify that he issued the original process and that when he certified the copy thereof he did not notice that it was not signed.

6. The court properly admitted in evidence the docket of the justice of the peace showing the entry of the mortgage-foreclosure proceedings instituted by the defendant against the plaintiff, and the entry of the subsequent proceedings therein. This was not inadmissible because of not being the highest and best evidence. The certified copy of the process was in evidence, showing that the process was not issued by the justice of the peace. The justice testified that he issued the process. It follows that the evidence does not uncontradictedly show that the process in this case was void because not signed by the justice of the peace.

7. Applying the foregoing rulings, the court properly overruled the motion for new trial, on all the grounds thereof.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*