35689. OWENS *v.* THE STATE.

CARLISLE, J. 1. "The true character of a criminal accusation or indictment is not fixed by the denomination of the crime given it by the pleader, but by its allegations; that is to say, the name given the crime which is charged in the accusation or indictment does not characterize the offense, but the nature of the crime charged is to be determined from the description of the crime; that is, from the acts alleged to have been committed which are contrary to the laws of the State . . . [citing numerous cases]" (*Brusnighan* v. *State*, 86 *Ga. App.* 340, 345, 71 S. E. 2d 698); and, where one is tried and convicted under an indictment which denominates the crime as "murder," but alleges that the acts which constituted the crime were that the defendant "did then and there feloniously break and enter into the Red Top, the same being storehouse and place of business of Roy Griffin, with intent to commit a larceny therein, and the said Josh Owens then and there, after having broken and entered said storehouse, as aforesaid, did wrongfully, fraudulently and privately take and carry away therefrom with intent to steal the same one carbine rifle of the value of $35, the property of

Roy Griffin, contrary to the laws of said State, the good order, peace and dignity thereof," the judgment will not be arrested on motion of the defendant where it appears that the verdict returned fixed the sentence at one year and recommended that the offense be treated as a misdemeanor, which is a punishment within the range of that allowable for burglary. Code §§ 26-2402, 27-2501. The trial court did not err, therefore, in denying the motion in arrest of judgment.

2. What has been said in division 1 of this opinion and the trial court's charge as a whole, which was full and fair on the subject of the offense of burglary, disposes of the first four special grounds of the motion for new trial.

3. Special ground 5, relating to newly discovered evidence, does not comply with the requirements of Code § 70-204, and will not be considered.

4. The evidence was sufficient to authorize the verdict of guilty of burglary, as the defendant was found in possession of the recently stolen property, which was taken by breaking and entering the prosecutor's place of business, and the defendant gave many conflicting accounts of how he obtained possession of the property. *Stewart* v. *State,* 17 *Ga. App.* 827 (88 S. E. 715).

5. The trial court did not err in denying the motion for a new trial for any reason assigned.

> *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*
> DECIDED MAY 18, 1955.

*A. J. Shirley, E. T. Hughes,* for plaintiff in error.
*Maston O'Neal, Solicitor-General,* contra.