## 35762. GUTH v. WALKER.

DECIDED JULY 12, 1955.

491

*Ralph C. Brown, Abraham J. Walcoff,* for plaintiff in error.

*Geo. W. Foster, Jr., Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

TOWNSEND, J. "Malicious prosecution is an action ex delicto for the recovery of damages which have proximately resulted to person, property, or reputation from a previous unsuccessful civil or criminal proceeding, which was prosecuted without probable cause and with malice." 54 C. J. S. 951, § 1. In this State the

term "malicious prosecution" is applied to criminal cases under the provisions of Code § 105-801 as follows: "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." In *Woodley* v. *Coker,* 119 *Ga.* 226, 228 (46 S. E. 89) the following is stated: "Strictly speaking, the term 'malicious prosecution' is applicable only to the carrying on of a criminal case. In this sense only is it used in our Code. . . When damages are sought for the malicious carrying on of a civil suit, the cause of action is not for malicious prosecution, but for the malicious use of process. See Newell on Mal. Pros. § 7. However, the essential elements in a cause of action for the malicious prosecution of a criminal case and the malicious use of process in a civil suit are the same. Id. § 8; *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Georgia Loan Co.* v. *Johnston,* 116 *Ga.* 630. See also in this connection, *Mitchell* v. *Railroad,* 75 *Ga.* 398 (3). In the textbooks and encyclopedias and in the opinions of the judges, including our own, it is frequently said that an action for malicious prosecution will lie for the malicious carrying on, without probable cause, of a civil suit. But, accurately speaking, and especially under our code, there can be no such thing as an action for the malicious prosecution of a civil suit, but the action is for the malicious use of legal process." That case was an action for damages resulting from the plaintiff's arrest under a bail-trover action. The action for damages requires the same essential elements, whether growing out of civil or criminal prosecutions. *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Stewart* v. *Mulligan,* 11 *Ga. App.* 660 (1, 11) (75 S. E. 991).

In modern code procedure we are no longer circumscribed by what Judge Powell, in *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (64 S. E. 105) described as the Procrustean effect of common-law writs under which plaintiffs had alternately to stretch or amputate parts of their cause of action in order to fit it to a remedy recognized by the courts. Our Code § 3-105 provides that "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Although Judge Powell in the *Lacey* case, supra, declared that this Code section is not declaratory of the common law *as actually practiced,* it is interesting to note that in the case of Pope *v.* Pollock,

46 Ohio State 367 (21 N. E. 356, 4 L. R. A. 255, 15 Am. St. R. 608), a suit for malicious prosecution resulting from the malicious prosecution of a case of forcible entry and detainer, the court held that the maxim "for every injury a remedy" comes from the common law, and to deny a remedy in the case under consideration would be "to violate this wholesome principle." We feel the maxim to be equally applicable to the case at bar.

Actions for damages are recognized in this State for the malicious prosecution, without probable cause, of a case, either criminal or civil, where the person of the defendant has been arrested or his property seized, and where damage accrued to him as a result therefrom, the first action having terminated in his favor. Chapter 105-8 and annotations thereunder. Regardless of the fact that a proceeding to have a person committed to a State institution as insane is not a criminal proceeding (insanity no longer being considered a crime as in medieval days) nor is it an ordinary civil case in which the private rights of a plaintiff and a defendant are tried out, nevertheless, it is generally considered more closely related to a criminal than a civil action, insofar as its consequences in relation to malicious prosecution suits are concerned, and the general rule in our sister States is to allow redress under these circumstances, even in States where no redress is allowable for the malicious use of civil process. As stated in Read v. Halpin, 193 App. Div. 566, 184 N. Y. Supp. 438: "In its consequences it may be more serious than a criminal prosecution. It seeks nothing less than the incarceration of the individual proceeded against. The reasons which have been deemed controlling in those cases which hold that a civil action maliciously prosecuted does not give a cause of a action to the person thus maliciously prosecuted do not exist in respect to a proceeding under the insanity laws. . . In the absence of any authority holding that this action may not be maintained, we think it should be held that the principles applicable to a malicious criminal prosecution apply here, and that the complaint accordingly states a cause of action." See also 54 C. J. S. 962, § 11 (c) and citations; 34 Am. Jur. 712, § 18; 1 Cooley on Torts (4th ed) p. 426, § 127 and citations. Although a Code section (§ 105-801) specifically provides for a statutory cause of action for malicious prosecution of a criminal case, it does not purport to be all in-

·clusive on the general subject and in no way precludes a cause of action for a tort such as is here alleged, not provided for therein, but which must be held to be actionable if Code § 3-105 providing that for every right there shall be a remedy is to be given effect. See *Woodley* v. *Coker*, supra.

The fact that the plaintiff designated the action one of malicious prosecution does not require the conclusion that it is predicated on Code § 105-801, nor is a designation of a cause of action the proper means of determining its legal effect, as there is no magic in mere nomenclature. *Girtman* v. *Girtman*, 191 *Ga.* 173 (4) (11 S. E. 2d 782); *Owens* v. *State*, 92 *Ga. App.* 61 (87 S. E. 2d 654). Certainly in this State, where the right of action by whatever name called is recognized in both civil and criminal proceedings, it would be anomalous to refuse to recognize it in a proceeding for a lunacy commitment which lies somewhere between the two. Accordingly, the petition stated a cause of action under the second count thereof.

The trial court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*