## TOWN OF JOHNSTON

v.

## Robert BENDICK, Jr. et al.

### No. 94–364–Appeal.

Supreme Court of Rhode Island.

May 26, 1995.

Ralph Perotta, Mary Gooden.

Robert G. Flanders, Jr., Neal McNamara.

### ORDER

This matter came before the Supreme Court on May 15, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in the appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided,

The plaintiff, the town of Johnson, appeals from the denial of its petition to adjudge the defendant, the Rhode Island Solid Waste Management Corporation (the corporation), in contempt of a consent order previously entered into by the parties on June 1, 1989.

In October 1991, the plaintiff filed a declaratory judgment action in the Superior Court alleging that the corporation had violated the consent order and seeking to prevent it from operating any additional landfill facilities within Johnston. In a March 27, 1992, decision a Superior Court trial justice rejected plaintiffs request and specifically found that the consent order referred to and was restricted to limiting the operation of the Central Landfill only and that there was no language in the consent order that prohibited the corporation from siting additional or expanded landfills in Johnston. This court affirmed the trial justice's decision by an order entered on October 22, 1992 in No. 92–211.

The plaintiff filed the instant petition to adjudge the corporation in contempt. The plaintiff now contends that the term "Central Landfill" as used in the 1989 consent order encompassed the additional acreage used by the corporation. The corporation argues that plaintiff should not be allowed to relitigate the issue.

The doctrine of res judicata operates as a bar to a subsequent cause of action where there exists an identity of parties, an identity of issues and finality of judgment in the earlier action. *Gaudreau v. Blasbalg*, 618 A.2d 1272, 1275 (R.I.1993). These factors are present in the instant case. Accordingly, we are of the opinion that the plaintiff cannot relitigate the same cause of action previously adjudicated.

For the foregoing reasons the plaintiff's appeal is denied and dismissed and the order appealed from is affirmed.

BOURCIER, J., did not participate.