USCA1 Opinion

 

 December 4, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1610  JEAN A. GUAY, Plaintiff, Appellant, v. PIERRE R. KAPPELLE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Jean A. Guay on brief pro se. ____________ Mark H. Grimm and Wistow & Barylick Incorporated on brief for ______________ _______________________________ appellee. ____________________ ____________________ Per Curiam. Appellant, Dr. Jean Guay, appeals from __________ the dismissal of his complaint pursuant to Fed. R. Civ. P. 12(b)(6). The district court determined that Dr. Guay failed to state a claim for malicious prosecution because he could not show that the prior medical malpractice action initiated by appellee, Pierre Kappelle, had ended in his (Dr. Guay's) favor. We agree. Under Rhode Island law, a claim of malicious prosecution requires a plaintiff to show that the prior proceeding was initiated maliciously and without probable cause, finally terminated in his or her favor, and resulted in some special injury to him or her. Salvadore v. Major _________ _____ Elec. & Supply, Inc., 469 A.2d 353, 357 (R.I. 1983). The ______________________ magistrate judge determined that the jury verdict had "terminated" the malpractice action in Kappelle's favor. However, we note that Kappelle did not prevail on the negligence claim. Nonetheless Kappelle prevailed on a claim of lack of informed consent, and we conclude, on this basis, that, for purposes of malicious prosecution, the malpractice action did not terminate in Dr. Guay's favor. Only if these two claims represented two distinct causes of action could Dr. Guay have maintained a malicious prosecution suit based on the negligence verdict. Specifically, if Kappelle had filed an action based on negligence, res judicata would have barred him from -2- maintaining a later action for lack of informed consent; that is, it would be considered the same cause of action. See ___ Town of Johnston v. Bendick, 658 A.2d 914, 914 (1995) (res _________________ _______ judicata bars the relitigation of the same cause of action). Thus, Kappelle prevailed in the action as a whole when he was awarded damages for his injury. See Freidberg v. Cox, 197 ___ _________ ___ Cal. App. 3d 381, 388, 242 Cal. Rptr. 851, 855 (1987) (where there were several theories of recovery in the underlying suit -- contract, joint venture and interference with contract -- but only one injury -- nonpayment of fees -- the fact that the malicious prosecution plaintiff had prevailed on two of the theories did not mean that the prior action had terminated in his favor; the malicious prosecution defendant won a judgment for damages in the cause of action as a whole and res judicata would have barred him from splitting the various claims). We reach the same result considering the settlement agreement as the final termination of the state action. "[A] termination based on a compromise or settlement is not deemed favorable." Nagy v. McBurney, 120 R.I. 925, 931, 392 A.2d ____ ________ 365, 368 (1978). The malpractice case here was settled with the release of Dr. Guay from liability in exchange for a payment to Mr. Kappelle of a little over $70,000. Whether a settlement agreement is a termination in favor of a litigant depends, in part, on whether it represents "an inconclusive -3- result that cannot be characterized as either a victory or a defeat." C.N.C. Chem. Corp. v. Pennwalt Corp., 690 F.Supp. ___________________ ______________ 139, 141 (D.R.I. 1988). To be favorable, then, a termination "must be reflective of the merits of the action and of the plaintiff's innocence of the misconduct alleged therein." Villa v. Cole, 4 Cal. App. 4th 1327, 1335, 6 Cal. Rptr. 2d _____ ____ 644, 648-49 (1992). The language of the "Release of All Claims" indicates nothing about the merits of the malpractice action and, in particular, nothing (much less anything favorable) about Dr. Guay's liability. Thus, it is not a termination on the merits in Dr. Guay's favor. We also reject Dr. Guay's argument that because Mr. Kappelle allegedly engaged in fraud in the malpractice action, he (Mr. Kappelle) is prohibited from relying on the unfavorable termination of that action. Although the two cases cited by Dr. Guay hold that an exception to this requirement exists where a prior judgment was fraudulently obtained, these cases involved situations where the plaintiffs in the original actions had misrepresented the very facts they needed to show in order to secure the relief they were seeking. See Tyler v. Central Charge Serv., Inc., ___ _____ __________________________ 444 A.2d 965 (App. D.C. 1982) (to obtain attachment of the malpractice plaintiff's wages, the malpractice defendant falsely told the court in the prior action that plaintiff had not paid a debt and that a stay of execution existed); -4- Lockett & Williams v. Gress Mfg. Co., 8 Ga. App. 772, 70 S.E. __________________ ______________ 255 (Ga. App. 1911) (to obtain an injunction, the malpractice defendant made statements of fact it knew were false). Here, Dr. Guay's allegations go, at most, to Mr. Kappelle's credibility as a witness and the qualifications of a physician who testified for Mr. Kappelle. These actions do not stand on the same footing as those engaged in by the plaintiffs in the above cases. Because we find that the malpractice action did not terminate in Dr. Guay's favor, we need not address the question of special injury. The judgment of the district court is affirmed. The ________ motion for sanctions is denied. ______ -5-