## 11786.   MARKOVITZ *v.* BLAKE.

HILL, J. 1. A petition to recover damages for false imprisonment, which alleges that the plaintiff was quietly and peaceably in her own home when arrested by the defendant and a police officer, and that the arrest and imprisonment were made without any warrant, makes out a prima facie case of false imprisonment. The exceptions in the statute which permit the arrest of a person without a warrant are matters of defense. There was no error in overruling the special demurrer on the ground that the petition failed to allege not only that the arrest was without a lawful warrant, but that the plaintiff, at the time of the arrest, was not committing any offense in the presence of the arresting officer or endeavoring to escape, or there was not likely to be for other cause a failure of justice for the want of an officer to issue a warrant.

2. The charge of the court that " the illegal laying of hands upon her (meaning the plaintiff) by a police officer of the city would be an illegal arrest," taken alone, would be an erroneous statement as to the law, but where the charge preceding and following this statement fully and specifically instructed the jury as to the code definition of false imprisonment, and stated that to constitute such imprisonment the plaintiff must have been deprived of her personal liberty, the jury could not have been misled by the instructions excepted to. In addition to this, the evi-

dence for the plaintiff showed that the officer, in the presence of the defendant and in compliance with his request, not only illegally laid his hands upon the plaintiff, but that he did not take them off her until he had forcibly taken her from her home to the police station, where she was incarcerated for several hours.

3. There is no merit in any of the assignments of error, and the verdict, if not demanded, is amply supported by the evidence.

         *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

         DECIDED JANUARY 20, 1921.

Action for false imprisonment; from city court of Savannah — Judge Freeman. July 27, 1920.

*Shelby Myrick,* for plaintiff in error.

*E. Ormonde Hunter,* contra.