### 13201. McKELLAR v. MOYNIHAN et al.

It is not an abuse of legal process for a landlord to obtain possession of his premises by the procedure provided by statute; and the plaintiff's petition was properly dismissed on demurrer.

DECIDED APRIL 1, 1922.

Action for damages; from Richmond superior court — Judge Henry C. Hammond. December 2, 1921.

*B. B. McCowen,* for plaintiff. *D. G. Fogarty,* for defendant.

HILL, J. An abuse of legal process is where the party employs it for some unlawful object, not for the purpose which it is intended by law to effect; in other words, it is a perversion of the legal process to an unlawful purpose not contemplated by the action. *Clement* v. *Orr, 4 Ga. App.* 117 (57 S. E. 1061.) It follows that where a tenant is evicted by his landlord from rented premises after his tenancy expires, or for a failure to pay his rent when due, it can not be an abuse of legal process for the landlord to obtain possession of his premises by the legal procedure provided by statute; for to obtain possession of the premises by ejecting the tenant was the very object of suing out the warrant. If the facts warrant the procedure, such proceeding might amount to a malicious *use* of legal process or malicious prosecution, but it cannot be an *abuse* of legal process, as the fundamental condition of this procedure must be the perversion of the procedure to some unlawful purpose not intended by the action. The suit for damages because of the malicious abuse of legal process was

properly dismissed on demurrer. *Porter* v. *Johnson,* 96 *Ga.* 145
(23 S. E. 123).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*