## 22811. SWAIN v. AMERICAN SURETY COMPANY OF NEW YORK.

STEPHENS, J.  1. No damages are recoverable for a malicious use of process where the defendant's person or property is not seized and he sustains no damage as a result of the institution of the suit except such as necessarily results in all suits prosecuted to recover in like causes of action. Smith v. Michigan Buggy Co., 175 Ill. 619 (51 N. E. 569, 67 Am. St. R. 242); 38 C. J. 393. See also Mitchell v. Southwestern R., 75 Ga. 398 (3); Slater v. Kimbro, 91 Ga. 217 (18 S. E. 296, 44 Am. St. R. 19); American Wholesale Cor. v. Kahn, 42 Ga. App. 411 (156 S. E. 324); Supreme Lodge American Protective League v. Unverzagt, 76 Md. 104 (24 Atl. 323); Luby v. Bennett, 111 Wis. 613 (6) (87 N. W. 804, 56 L. R. A. 261, 87 Am. St. R. 897); Bonney v. King, 201 Ill. 47 (66 N. E. 377); Carpenter v. Hanes, 167 N. C. 551 (13) (83 S. E. 577); Pye v. Cardwell, 110 Tex. 572 (222 S. W. 153); Bitz v. Meyer, 40 N. J. L. 252 (29 Am. R. 233); Muldoon v. Rickey, 103 Pa. 110 (49 Am. R. 117); Eberly v. Rupp, 90 Pa. 259; Mayer v. Walter, 64 Pa. 283 (10); Wetmore v. Mellinger, 64 Iowa, 741 (18 N. W. 870, 52 Am. R. 465); McNamee v. Minke, 49 Md. 122; Ely v. Davis, 111 N. C. 24 (15 S. E. 878); Terry v. Davis, 114 N. C. 31 (18 S. E. 943); Powers v. Houghton, 159 Mich. 372 (123 N. W. 1108, 28 L. R. A. (N. S.) 330, 18 Ann. Cas. 811, note); 21 Am. L. Reg. (N. S.) 281, 353.

2. Where, in a suit against defendants who were county commissioners, instituted by a surety company who had paid the county the amount of the defalcation of the county treasurer upon whose bond the surety company was surety, to recover for the loss thus sustained by the plaintiff, upon the ground that the treasurer's defalcation was the result of the defendants' negligence in the discharge of their duties, in giving the treasurer the opportunity to misappropriate the county's money, the expenses incurred by the defendants in making preparations to defend the suit, including traveling expenses, hotel bills, printing, and other expenses for this purpose, employing attorneys to defend the suit, and damages for embarrassment, mortification, humiliation, and being "held up to public scorn and ridicule," are expenses and damages resulting from the institution of all suits prosecuted to recover for like causes of action, and do not constitute any special damage or injury not necessarily resulting from the prosecution of the suit for like causes of action.

3. The petition of one of the county commissioners in a suit against the surety company failed to allege any damages recoverable for a malicious prosecution of the suit, and therefore failed to set out a cause of action. The court properly sustained the demurrer.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 13, 1933.

J. T. Goree, H. G. Rawls, E. C. Smith Jr., for plaintiff.
Martin, Martin & Snow, for defendant.