### JACKSONVILLE PAPER COMPANY *v.* OWEN.

No. 13876.   OCTOBER 15, 1941.

*Louis Kurz* and *Victor Davidson,* for plaintiff.

REID, Chief Justice. The Jacksonville Paper Company instituted an action against S. R. Owen, trading as the Milledgeville Times, on an account. A judgment of nonsuit was granted, but on writ of error this judgment was reversed by the Court of Appeals. 60 *Ga. App.* 742 (5 S. E. 2d, 103).

Thereupon the defendant filed a cross-action for damages from an alleged malicious prosecution of a civil action. The action referred to was instituted by a creditor of W. G. Johnson, for a judgment

on its debt, and to set aside a deed made by Johnson to Owen, which as finally amended set up, without separation in different counts, the inconsistent theories (1) that the deed was made to defraud creditors, and (2) that the deed was a forgery. The plaintiff, also a creditor of Johnson, intervened in this suit. For the above-mentioned duplicity and for other reasons set out in *Owen* v. *Richards Paper Co.,* 188 *Ga.* 258 (3 S. E. 2d, 660), a judgment in favor of the plaintiff creditors, canceling the deed, was reversed by this court, and direction was given that final judgment be entered denying this relief.

The plaintiff's demurrer to the cross-action was overruled. The trial resulted in a verdict in favor of the defendant for a named sum. The plaintiff excepted to the overruling of its demurrer, and of its motion for new trial.

The cross-action constitutes an effort to set off a claim ex delicto against a claim ex contractu. This can be done only in equity. Code, §§ 3-113, 37-308. As ground for the exercise of this equitable power in his behalf, the defendant alleged that the plaintiff is a non-resident. See generally, in this connection: *Ingram* v. *Jordan,* 55 *Ga.* 356; *Livingston* v. *Marshall,* 82 *Ga.* 281 (11 S. E. 542); *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74); *Barrow* v. *Mallory,* 89 *Ga.* 76 (14 S. E. 878); *Bibb Land-Lumber Co.* v. *Lima Machine Works,* 104 *Ga.* 116 (30 S. E. 676, 31 S. E. 401); *Case Threshing Machine Co.* v. *Thurmond,* 144 *Ga.* 21 (85 S. E. 1020); *Hillon* v. *Rogers,* 152 *Ga.* 658 (111 S. E. 33); *Ætna Insurance Co.* v. *Lunsford,* 179 *Ga.* 716 (177 S. E. 727). The plaintiff raises the question whether simple non-residence is sufficient to authorize this equitable relief; that is to say, whether it is not also essential that the plaintiff (a corporation) have no agent and place of business or property in this State, by virtue of which the defendant might obtain satisfaction from the plaintiff through the courts of this State. We will not make any ruling in this connection. The defendant has made no appearance in this court, and we have not had the benefit of an opposing argument on this question. Assuming that a case for equitable relief is made out, the plaintiff's demurrer to the cross-bill should have been sustained, for the reason that it stated no cause of action for damages.

The prosecution of a civil action maliciously and without proba-

ble cause gives rise to a cause of action for malicious use of process only when "the person of the defendant was arrested or his property attached, or some special damage was done to him." *Mitchell* v. *Southwestern R.,* 75 *Ga.* 398 (3) ; *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89) ; *American Wholesale Corporation* v. *Kahn,* 42 *Ga. App.* 411 (156 S. E. 324)·; *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19) ; *Stewart* v. *Mulligan,* 11 *Ga. App.* 660 (75 S. E. 991) ; *Haverty Furniture Co.* v. *Thompson,* 46 *Ga. App.* 739 (169 S. E. 213) ; *Swain* v. *American Surety Co.,* 47 *Ga. App.* 501 (171 S. E. 217). It does not appear that in the former action the defendant was arrested, or that his property was attached; and the only damages claimed are simply such as would normally accrue from the prosecution of such a suit, such as attorney's fees, expense of transportation of witnesses to hearings, loss of time in preparation of case, half of the fee of the reporter, and half of the fee of the auditor. In the *Swain* case, supra, the Court of Appeals, we think correctly, ruled: "No damages are recoverable for a malicious use of process where the defendant's person or property is not seized and he sustains no damage as a result of the institution of the suit, except such as necessarily results in all suits prosecuted to recover in like causes of action. . . Expenses incurred by the defendants in making preparations to defend the suit, including traveling expenses, hotel bills, printing, and other expenses for this purpose, employing attorneys to defend the suit, and damages for embarrassment, mortification, humiliation, and being 'held up to public scorn and ridicule,' are expenses and damages resulting from the institution of all suits prosecuted to recover for like causes of action, and do not constitute any special damage or injury not necessarily resulting from the prosecution of the suit for like causes of action." For this reason the cross-action should have been stricken on demurrer. The remaining proceedings were nugatory.

*Judgment reversed. All the Justices concur.*