## 31512. PRICE *v.* FIDELITY TRUST COMPANY.

DECIDED FEBRUARY 15, 1947. REHEARING DENIED FEBRUARY 28, 1947.

*Richard T. Nesbitt,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter, Sidney Haskins,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) ■ The plaintiff in error in his amended petition and also in his brief here refers to the proceeding as one for the malicious abuse of process; but, on the contrary, the allegations of the petition show that he was seeking to recover for the malicious use of legal process. This action was based on the two dispossessory-warrant proceedings instituted to dispossess Price from the apartment in question, which he alleges were malicious and without probable cause, and that they terminated in favor of him as tenant. "Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has

finally terminated against the plaintiff therein. Malicious abuse of legal process is where the plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such a process is not intended by law to effect. In a suit for damages growing out of such a perversion of the court's process, it is not necessary to show that the former litigation was without probable cause, or that it terminated prior to the institution of the suit for damages." *McElreath* v. *Gross, 23 Ga. App.* 287 (1, 2) (98 S. E. 190) ; *Robinson* v. *Commercial Credit Co., 37 Ga. App.* 291 (139 S. E. 915) ; *Brantley* v. *Rhodes-Haverty Furniture Co., 131 Ga.* 276 (62 S. E. 222) ; *Baldwin* v. *Davis, 188 Ga.* 587 (4 S. E. 2d, 458).

"No damages are recoverable for a malicious use of process where the defendant's person or property is not seized and he sustains no damage as a result of the institution of the suit except such as necessarily results in all suits prosecuted to recover in like causes of action." *Swain* v. *American Surety Co., 47 Ga. App.* 501 (1) (171 S. E. 217), and citations. It was ruled in *Jacksonville Paper Company* v. *Owen, 193 Ga.* 23 (17 S. E. 2d, 76) : "The prosecution of a civil action maliciously and without probable cause gives rise to a cause of action for malicious use of process only when 'the person of the defendant was arrested or his property attached, or some special damage was done to him.' *Mitchell* v. *Southwestern R., 75 Ga.* 398 (3) ; *Woodley* v. *Coker, 119 Ga.* 226 (46 S. E. 89) ; *American Wholesale Corporation* v. *Kahn, 42 Ga. App.* 411 (156 S. E. 324) ; *Slater* v. *Kimbro, 91 Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19) ; *Stewart* v. *Mulligan, 11 Ga. App.* 660 (75 S. E. 991) ; *Haverty Furniture Co.* v. *Thompson, 46 Ga. App.* 739 (169 S. E. 213) ; *Swain* v. *American Surety Co., 47 Ga. App.* 501 (171 S. E. 217). It does not appear that in the former action the defendant was arrested, or that his property was attached; and the only damages claimed are simply such as would normally accrue from the prosecution of such a suit, such as attorney's fees, expense of transportation of witnesses to hearings, loss of time in preparation of case, half of the fee of the reporter, and half of the fee of the auditor. In the *Swain* case, supra, the Court of Appeals, we think, correctly ruled: 'No damages are recoverable for a malicious use of process where the defendant's person or property is not seized and he sustains no damage as a result of

the institution of the suit, except such as necessarily results in all suits prosecuted to recover in like causes of action. . . Expenses incurred by the defendants in making preparations to defend the suit, including traveling expenses, hotel bills, printing, and other expenses for this purpose, employing attorneys to defend the suit, and damages for embarrassment, mortification, humiliation, and being "held up to public scorn and ridicule," are expenses and damages resulting from the institution of all suits prosecuted to recover for like causes of action, and do not constitute any special damage or injury not necessarily resulting from the prosecution of the suit for like causes of action.'" See also 38 C. J. 393, §§ 19, 20; 34 Am. Jur. 707-710, §§ 10, 11.

The plaintiff in error was not arrested nor was his property seized. The attorney's fees, costs of giving bond, loss of time, etc., in defending the dispossessory-warrant proceedings, the humiliation, embarrassment, mortification, and alleged pain and suffering caused by worrying about the outcome of those cases are not special damages for which the plaintiff can recover in the present action, under the rulings made by this Court in *Swain* v. *American Surety Company*, supra, and cases there cited, and by the Supreme Court in *Jacksonville Paper Company* v. *Owen*, supra.

■ Accordingly, the trial judge did not err in sustaining the general demurrer and the motion to dismiss, and in dismissing the action. *Judgment affirmed. Felton and Parker, JJ., concur.*