35137. JOSEY *v.* GRAYSON-ROBINSON, INC.

DECIDED OCTOBER 14, 1954.

*Leonard Pennisi,* for plaintiff in error.

*Levy, Buffington & Levy,* contra.

NICHOLS, J. The bringing of a civil suit maliciously and without probable cause is not a ground upon which an action may be maintained, unless the suit was one in which the person of the defendant was arrested or his property attached, or some special damage was done to him. *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398 (3); *Swain* v. *American Surety Co. of N. Y.,* 47 *Ga. App.* 501 (171 S. E. 217); *Price* v. *Fidelity Trust Co.,* 74 *Ga. App.* 836 (41 S. E. 2d 614); *Jacksonville Paper Co.* v. *Owen,* 193 *Ga.* 23 (17 S. E. 2d 76); *Counihan* v. *Ferrell,* 89 *Ga. App.* 795 (81 S. E. 2d 214). This rule has been criticized (see dissent concurred in by three Justices in *Dixie Broadcasting Co.* v. *Rivers,* 209 *Ga.* 98, 110, 70 S. E. 2d 734); it is not the law in most jurisdictions of this country (see Annotation, 150 A. L. R. 897); and it has not been followed by the American Law Institute, Restatement of the Law, Torts, Vol. 3, §§ 674, 681. But,

as pointed out in the opinion concurred in by a majority of the Justices in the *Dixie Broadcasting Company* case, supra (p. 108), "Those full-bench decisions [in the *Mitchell* and *Jacksonville Paper Co.* cases] were of force when the actions of the defendants here complained of were committed. They were the law of this State. They had the same force and effect as an act of the legislature." The rulings therein made are binding upon this court.

In the present action for malicious use of process, the petition does not show that the petitioner's property or person was seized or was intended to be seized (*Slater* v. *Kimbro*, 91 *Ga.* 217, 18 S. E. 296, 44 Am. St. R. 19; *American Wholesale Corp.* v. *Kahn*, 42 *Ga. App.* 411, 156 S. E. 324) by legal process in the suit complained of, or that the petitioner sustained damages other than those sustained by anyone defending a similar suit, such as attorney's fees, loss of time from work, embarrassment, inconvenience, humiliation, loss of credit, and damage to his reputation. *Swain* v. *American Surety Co.*, supra, approved in *Jacksonville Paper Co.* v. *Owen*, supra, and followed in *Price* v. *Fidelity Trust Co.*, supra.

Accordingly, the court did not err in sustaining the defendant's general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*