37474.   SMITH *v.* CRAFT *et al.*

20

DECIDED JANUARY 29, 1959.

*Hugh Howell, Jr., Holcomb & Grubbs, J. M. Grubbs, Jr.,* for plaintiff in error.

*J. G. Roberts,* contra.

FELTON, Chief Judge. ■ The two counts of the petition are virtually identical except that the first is denominated an action for false arrest and the second is denominated an action for false imprisonment. The case will therefore be treated as an action in one count. There is no special demurrer to either count on the ground that it is duplicitous. The petition, treated as one count, does not set forth a cause of action for malicious arrest (or malicious prosecution) for the reason that it is not alleged that the proceeding terminated in favor of the plaintiff. The mere allegation in the petition that the defendant Coats & Clark, Inc., by and through its agent, the defendant H. P. Craft, has not pressed his complaint, but has deserted and abandoned the same, is not sufficient because since the statute of limitations has not expired the petition does not allege that the criminal proceeding instituted was terminated by judicial action. *Waters* v. *Winn,* 142 *Ga.* 138 (2) (82 S. E. 537, L.R.A. 1915A 601, Ann. Cas. 1915D 1248).

■ If the petition, treated as one count, proceeds on the theory of false imprisonment it sets forth a cause of action against the employee as against a general demurrer. The petition alleges that the employee "illegally" arrested and detained the plaintiff. Treating the petition as proceeding for false imprisonment, as against a general demurrer it means arrested and detained without a warrant or on a void warrant; if on the theory that there was no warrant the burden would be on the defendants to show

the legality of the arrest. *Markovitz* v. *Blake,* 26 *Ga. App.* 153 (105 S. E. 622); *Holliday* v. *Coleman,* 12 *Ga. App.* 779, 780 (78 S. E. 482). An action for false imprisonment need only show that the imprisonment was unlawful. *Sheppard* v. *Hale,* 58 *Ga. App.* 140 (197 S. E. 922); *Vlass* v. *McCrary,* 60 *Ga. App.* 744 (5 S. E. 2d 63); *Conoly* v. *Imperial Tobacco Co.,* 63 *Ga. App.* 880 (12 S. E. 2d 398).

■ The petition sets forth a cause of action against the principal, Coats & Clark, Inc., for the above reasons and because the petition as against a general demurrer alleges that the employee was employed by his principal as a special policeman to patrol in and about its mill and grounds and that, while plaintiff was driving his automobile in front of Coats & Clark, Inc.'s property and mill and on a certain road, he was arrested, etc., and that the employee was driving an automobile marked "Police" on the side. The allegations are sufficient to allege that the employee performed the acts charged as a part of his duties of employment to patrol in and about the mill and grounds or that they were so closely connected as to be a part of his employment. *Auld* v. *Colonial Stores,* 76 *Ga. App.* 329 (45 S. E. 2d 827). There are no allegations which negative the fact that the employer was performing his duties at the time and place alleged. See *Savannah Electric Co.* v. *McCants,* 130 *Ga.* 741 (2) (61 S. E. 713); *Ledman* v. *Calvert Iron Works,* 92 *Ga. App.* 733 (89 S. E. 2d 832) and cases cited.

The petition stated a cause of action against both defendants for false imprisonment.

The court erred in sustaining the general demurrer. The judgment is reversed with direction that the case be tried as a single-count petition charging false imprisonment.

*Judgment reversed with direction that so long as the issues raised by the pleadings remain as they are the case be tried as an action in one count charging false imprisonment. Quillian and Nichols, JJ., concur.*