41346.   CRAWFORD v. THEO.

Submitted June 7, 1965—Decided July 2, 1965—
Rehearing denied July 15, 1965.

*J. E. Wilson,* for plaintiff in error.

*Edward D. Wheeler,* contra.

FELTON, Chief Judge. ■ The general demurrer, stating that "the petition as a whole, nor do any of its separate parts, paragraphs or counts set forth a cause of action against the defendant," and the special demurrers, followed by the prayer that the demurrers be inquired into by the court and that the defendant have judgment accordingly, were properly held not to be subject to the plaintiff's oral motion to dismiss on the grounds that there were no prayers to sustain the demurrers or to dismiss the petition.

■ "[I]n an action for damages for the malicious use of civil process three essential elements must appear, to wit: (1) Malice. (2) Want of probable cause. (3) The proceeding complained of has terminated in favor of the defendants before an action for damages is instituted." *Georgia Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591, 609(2) (32 SE2d 465), and cit. The petition

sufficiently alleges want of probable cause by the allegations that the plaintiff was occupying the rented property in compliance with a written contract for an unexpired term, with his rental payments being not only current but paid in advance, and that the defendant voluntarily dismissed the warrant. Malice is alleged and, further, it may be inferred from want of probable cause. *Code* § 105-804; *Hearn v. Batchelor,* 47 Ga. App. 213, 214(1) (170 SE 203), and cit.

Termination of the dispossessory-warrant proceedings favorably to the plaintiff in error is specifically alleged to have occurred by reason of the voluntary abandonment of the case by the party who instituted the proceedings. See *Waters v. Winn,* 142 Ga. 138, 140(2) (82 SE 537, LRA 1915A 601, AC 1915D 1248); *Slater v. Kimbro,* 91 Ga. 217 (18 SE 296, 44 ASR 19). Those cases which hold that the warrant must be dismissed by judicial action and not by the parties involved are those dealing with malicious prosecution of criminal, rather than civil process, such as in the case at bar. *Smith v. Craft,* 99 Ga. App. 19, 21(1) (107 SE2d 255); *Smith v. Embry,* 103 Ga. App. 375(4, 5) (119 SE2d 45). Although headnote 2 in the *Georgia Veneer* case, supra, stated the third element to be "termination of the proceedings *in a judgment* in favor of the defendant" (Emphasis supplied), which statement was quoted in the case of *Hester v. Dixie Finance Corp.,* 109 Ga. App. 204, 206 (135 SE2d 504), examination of the cases cited on p. 609 of the *Georgia Veneer* case, supra, as well as other cases annotated under *Code* § 105-801, catchword "Process," reveals that a judgment is not a prerequisite of the termination.

A further limitation has been placed by the appellate courts of our State upon this type of action, to wit: No damages are recoverable for a malicious use of civil process where the defendant's person or property is not seized unless he sustains some special damage or injury other than such as necessarily results in all suits prosecuted to recover in like causes of action. *Mitchell v. Southwestern R.,* 75 Ga. 398 (3); *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76), and cit. This rule has been followed and perpetuated in this State (see *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, 108 (6, b) (70 SE2d 734)) in spite of the fact that it is contrary to the weight of authority

in this country. *Josey v. Grayson-Robinson, Inc.*, 90 Ga. App. 820 (84 SE2d 615) and citations; 7 Mercer Law Review 196. Since the petition in the case at bar does not allege that either the plaintiff's person or his property was seized, it is therefore necessary, under the above-cited rule, to ascertain whether such special damage is alleged as will sustain a recovery in such an action. The Supreme Court, in *Dixie Broadcasting Corp. v. Rivers*, p. 108, supra, after citing authorities supporting its holding that attorney's fees and other expense in defending the suit were not such special damages, indicated that the holding that such damages were recoverable in the case of *Slater v. Kimbro*, 91 Ga. 217, supra, which, like the case at bar, also involved a dispossessory warrant, was not inconsistent with their ruling in the *Dixie* case, since in the *Slater* case these expenses were necessary to avoid eviction of the tenant from the premises. Although the case of *Price v. Fidelity Trust Co.*, 74 Ga. App. 836 (41 SE2d 614), which held that the attorney's fees, costs of giving bond, loss of time, etc., in defending dispossessory-warrant proceedings were *not* recoverable special damages, was not expressly overruled by the *Dixie* case, supra, or any other cases, it must yield to and be considered impliedly overruled by that subsequent Supreme Court case to the extent that the two cases are in conflict, even though the Supreme Court denied the application for certiorari in the *Price* case. Using this criterion in the present case, then, for the purpose of ruling on the general demurrer, at least the expenses of attorney's fees and of giving bond, incurred in the filing of the counter affidavit, were recoverable special damages, since, although the warrant was never executed, these expenses were necessary to arrest the proceedings and to avoid eviction pending their outcome. The remainder of the special damages alleged need not be passed on, since they are the subjects of attack by the special demurrers, which were not ruled on by the trial court.

It follows that count 1 of the petition stated a cause of action for malicious use of civil, or legal, process, or malicious prosecution of a civil proceeding, as it is variously denominated; therefore the court erred in sustaining the general demurrer as to count 1.

■ Use of the dispossessory-warrant procedure provided by statute (*Code* § 61-301 et seq.) by a landlord to obtain possession of his premises is not such a perversion or unintended use of the process as amounts to a malicious *abuse* of legal process, the warrant being used for the very purpose it was intended by the law to accomplish, dispossession by ejecting the tenant; such proceeding may amount to a malicious *use* of legal process if the facts so warrant. *Clement v. Orr*, 4 Ga. App. 117, 120 (60 SE 1017); *Porter v. Johnson*, 96 Ga. 145, 149 (23 SE 123); *McKellar v. Moynihan*, 28 Ga. App. 431 (111 SE 580); *Gaines v. Pirkle*, 58 Ga. App. 546 (199 SE 317), and cases cited; *Dantley v. Burge*, 88 Ga. App. 478 (77 SE2d 107). The court therefore did not err in sustaining the general demurrer as to count 2.

The court erred in its judgment sustaining the general demurrer as to count 1 of the petition and in dismissing the petition.

*Judgment reversed in part; affirmed in part. Jordan and Deen, JJ., concur.*

ON MOTION FOR REHEARING.

Counsel for the defendant in error contends that the general rule as to special injury in suits for malicious use of civil process, as stated in *Dixie Broadcasting Corp. v. Rivers*, supra, applies to count 1 of the present action and that the Supreme Court's ruling in the *Slater* case, supra, was based upon its finding that the plaintiff's loss of boarders from her boarding house, from which she was threatened to be expelled by the dispossessory-warrant proceedings, constituted a special injury, whereas no such special injury was here alleged. After deciding that loss of boarders was special damage, the Supreme Court, in the *Slater* case, headnote 2, expressly held: "So too were trouble and expense, including counsel fees, incurred by the tenant in giving bond and security to prevent summary expulsion from the premises by virtue of the malicious process." This latter injury is the one on which the Supreme Court, in *Dixie Broadcasting Corp. v. Rivers*, noted the difference in the situation in the *Slater* case from those in the cases following the general rule. Both the cases of *Swain v. American Surety Co.*, 47 Ga. App. 501 (171 SE 217) and *Jacksonville Paper Co. v. Owen*, 193 Ga. 23, supra,

relied on in *Price v. Fidelity Trust Co.*, 74 Ga. App. 836, supra, involved situations other than dispossessory-warrant proceedings, and thus are not inconsistent with either the *Slater* or the *Dixie Broadcasting Corp.* case. Whether the *Slater* case can be reconciled with the fact that the threat of eviction is a necessary result in all dispossessory-warrant proceedings is immaterial since this ruling was made, whether rightly or wrongly, in the *Slater* case and recognized in the *Dixie Broadcasting Corp.* case, and, never having been overruled, it is binding on this court.

*Rehearing denied.*