37148. TAYLOR v. GREINER et al.; and vice versa.

HILL, Presiding Justice.

This case is here on certiorari. *Taylor v. Greiner,* 156 Ga. App 663 (275 SE2d 737) (1980). The facts were succinctly stated in the Court of Appeals' opinion and are repeated here for convenient reference.

"In their suit below, the appellees Greiner and Giddings alleged that the defendant had maliciously and with ulterior motive instigated investigative and disciplinary proceedings against them by the State Board of Medical Examiners. They contend that the defendant Taylor, an attorney, demanded a settlement for his client in the form of a debt forgiveness from Greiner, a physician, and

Giddings, the social work counselor to whom Dr. Greiner had referred Taylor's client; and further, that in the settlement demand letter Taylor threatened to instigate investigatory and disciplinary proceedings against both Giddings and Greiner if they refused to mark the bill satisfied in full and return to Taylor's client an amount she had already paid. The letter written by Taylor to Greiner and Giddings questioned the legal authority and medical ethic by which Mr. Giddings with a master's degree in social work could hold himself out as offering medical services of any kind, 'and particularly in consort with a medical doctor.' The letter continued 'I assure you that a complete investigation of this affair will be made through the State Medical Board, Investigative Bureau, etc. unless you can show me by what license this treatment and billing procedure is authorized by law. As an alternative, I am authorized by [my client] to drop the entire matter provided the current billing of $570.00 is dismissed, marked satisfied in full, and a return of the $256.00 is made so she may reimburse Blue Shield.'

"This letter was written April 10, 1975. The plaintiffs allege that in January, 1976 the defendant Taylor furnished certain information to the Georgia Composite State Board of Medical Examiners and requested an investigation which resulted in disciplinary proceedings being filed against the plaintiffs [on January 22, 1976]; but on May 6, 1976, these proceedings were dismissed by the Board of Medical Examiners. The plaintiffs filed their lawsuit below on May 1, 1978. The defendant Taylor moved for summary judgment and was denied the grant." (Matter in brackets added.) In support of his motion, the defendant has offered the plaintiffs' depositions which showed that they had incurred no special damages other than the defense of the proceeding before the Board of Medical Examiners.

The Court of Appeals affirmed the denial of defendant's motion for summary judgment, holding that (1) the statute of limitations has run on any cause of action for malicious abuse of process; (2) no cause of action for malicious use of process could be maintained because plaintiffs did not show any special damages;[1] but (3) the complaint did state a cause of action for malicious interference with property, special damages not being an essential element of such a claim.

We granted cross petitions for writ of certiorari as to the second and third holdings stated above.

1. The first issue is whether the law requires that special

---

[1] For a statement of the distinction between malicious abuse of process and malicious use of process, see *Baldwin v. Davis*, 188 Ga. 587 (1) (4 SE2d 458) 1939).

damages be proven in order to establish a cause of action for malicious use of process and whether the cost of defending the litigation constitutes such special damage. The Court of Appeals correctly stated the Georgia law in this regard, holding that a cause of action for malicious use of process will not lie absent a showing that the defendant was arrested, or his property attached, or he suffered some other special damage by reason of the serving out of the process, *Mitchell v. Southwestern Railroad,* 75 Ga. 398 (3) (1885); *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76) (1941); and that the expenses of defending the suit are not special damages within this rule. *Jacksonville Paper Co. v. Owen,* supra; *Rivers v. Dixie Broadcasting Corp.,* 209 Ga. 98, 108 (70 SE2d 734) (1952); 1 EGL 107, Abuse of Process, Malicious Prosecution and False Imprisonment, §§ 19, 20 (1977 Rev.); see 52 AmJur2d, Malicious Prosecution, §§ 10, 11.[2] We reaffirm this rule and decline to hold that the expense of defending a disciplinary proceeding where one's license to pursue one's livelihood is at stake falls into a different category than defense of other civil litigation. See *Dixie Broadcasting Corp. v. Rivers,* supra; 52 AmJur2d, Malicious Prosecution, §§ 19-20. We therefore affirm the second division of the Court of Appeals' opinion.

2. Having determined that a cause of action for malicious abuse of process was barred by the statute of limitations and that a cause of action for malicious use of process would not lie in the absence of special damages other than those incident to defending the proceeding, the Court of Appeals held that a cause of action would lie for malicious interference with property. We must disagree. To hold that by instituting proceedings concerning a professional before a state board charged with regulating that profession, the complainant is subject to pay the professional's expenses of defense in a suit for malicious interference with property would place too onerous a burden on potential complainants and would unjustifiably interfere with the governmental purposes served by providing such procedures for aggrieved citizens. Dr. Greiner did not lose his license to practice nor any patients. He and Mr. Giddings were required only to defend their practices before the appropriate tribunal. The interest of professionals in protecting their livelihood from unjustified attack can be fully protected by the timely filing of suit for malicious abuse

---

[2] Where the plaintiff suing for malicious use of process proves special damages, the legal expenses of defending the prior suit may be recoverable. See *Slater v. Kimbro,* 91 Ga. 217 (2) (18 SE 296) (1892); *Rivers v. Dixie Broadcasting Corp.,* 88 Ga. App. 131 (76 SE2d 229) (1953).

of process where the complaint was brought "wrongfully and unlawfully for a purpose which it is not intended by law to effect . . .," *Brantley v. Rhodes-Haverty Furn. Co.,* 131 Ga. 276, 281 (62 SE 222) (1908), Restatement, 2d Torts, § 682, or suit for malicious use of process where the complaint was brought with malice and without probable cause and " 'The person of the defendant was arrested or his property attached, or some special damage was done to him.' " *Jacksonville Paper Co. v. Owen,* supra, 193 Ga. at 25. Thus we hold that a suit for malicious interference with property cannot be based upon disciplinary proceedings based upon charges instituted before a tribunal established for the purpose of regulating the conduct of licensees where no special damages other than those incurred in defending such proceedings are incurred.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Smith, J., disqualified.*

DECIDED APRIL 15, 1981 —
REHEARING DENIED
APRIL 28, 1981.

*James S. Owens, Jr., Robert L. Goldstucker, Ross Arnold,* for appellant.

*Morton P. Levine, Stephen H. Block,* for appellees.