**HEALTHDYNE, INC., Plaintiff,**

v.

**CLINICAL DATA, INC., Defendant.**

**Civ. A. No. C82–1070A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 8, 1983.

William A. Clineburg, Atlanta, Ga., for plaintiff.

John A. Chandler, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

Plaintiff filed this diversity action on May 12, 1982, contending that defendant maliciously used the process of the United States District Court for the Central District of California by filing and prosecuting Civil Action No. 81–6144–CH(HMX) in said court (hereinafter the California suit). Plaintiff contends that defendant filed the said action on December 4, 1981, in order to delay and disrupt defendant's forthcoming public offering, scheduled for early December, 1981. Plaintiff asserts that the filing of the California lawsuit achieved its purpose in that the public offering in question was delayed and disrupted and the price at which plaintiff's common stock was initially offered to the public was consequently reduced. This action is presently before the Court on defendant's motion for summary judgment.

## FACTUAL FINDINGS

The Court finds the following facts to be undisputed and material to the resolution of defendant's motion for summary judgment.

1. On December 4, 1981, defendant filed suit in the United States District for the Central District of California against plaintiff herein and Anthony Cuccio, a former employee of defendant who subsequently went to work for plaintiff, said action being identified as No.. 81–6144–CHH(MX). Plaintiff's complaint at ¶ 7.

2. The complaint filed on December 4, 1981, sought preliminary and permanent injunctive relief, compensatory damages in an amount to be proven at trial, punitive damages in the amount of $2,000,000, the costs of the action, and other relief. *Id.*

3. On or about March 23, 1982, defendant, through its counsel of record, agreed to dismiss without prejudice all claims which it had asserted in its action against plaintiff in the California suit. On May 18, 1982, defendant and plaintiff herein filed a "Stipulation of Dismissal without Prejudice" of all claims asserted in the California lawsuit. At the same time, defendant and Anthony Cuccio filed a Stipulation of Dismissal with Prejudice of the claims they had asserted against each other. The filing of these

Stipulations terminated the California lawsuit. *Id.* at ¶ 17.

4. Plaintiff is a Georgia corporation, having its principal place of business in Marietta, Georgia. Plaintiff is engaged in, among other things, the manufacture and marketing of health care products, including devices designed for the home monitoring of infant respiratory and cardiac activity. *Id.,* at ¶ 1.

5. Defendant is a Delaware corporation with its principal place of business in Brookline, Massachusetts. Since approximately September, 1981, defendant has been engaged in the marketing of a device designed for the monitoring of infant respiratory and cardiac activity at home. *Id.* at ¶ 2.

6. Plaintiff's stock offering of December 1981 was a nationwide offering pursuant to the Securities Act of 1933. Exhibit B to Defendant's Motion for Summary Judgment.

### LEGAL DISCUSSIONS

In a diversity action such as this, this Court must apply the choice of law rules of Georgia. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937). Although the parties agree with the above statement, they strongly disagree as to whether Georgia's choice of law rules would provide for the application of Georgia substantive law or California substantive law in this action.

Georgia law provides that in a tort action, such as this action for malicious use of civil process, the substantive law of the state where the "injury" took place controls. *Whittaker v. Harvell-Kilgore Corporation,* 418 F.2d 1010, 1017 (5th Cir.1969), *rehearing denied,* 424 F.2d 549 (5th Cir.1979). Thus, this Court must determine where plaintiff's alleged injuries, resulting from defendant's alleged malicious use of civil process, have occurred. Plaintiff maintains that it sustained the following injuries as a result of defendant's malicious use of civil process: (1) a delay and disruption in its public offering of stock, scheduled for December, 1981; (2) a reduction in the market price of that

stock; and (3) legal fees and expenses incurred as a result of defendant's filing of the alleged malicious prosecution. Plaintiff argues that these injuries were principally sustained in Georgia and therefore that Georgia law should control this action. Conversely, defendant maintains that the majority of federal courts confronting malicious prosecutions have held that a defendant is "injured" in the jurisdiction where he was sued. Therefore, defendant asserts that the law of California should be applied in this action.

■ The Court finds that the cases cited by defendant do not provide guidance in determining where plaintiff's alleged injuries took place. Given the undisputed facts that (1) plaintiff is a Georgia corporation with its headquarters and principal operations based in Georgia, and (2) that the stock offering in question was a nationwide offering, the Court concludes that plaintiff's injuries occurred in Georgia and not in California. Plaintiff's alleged injuries, being economic in nature, are certainly more likely to affect plaintiff at the place where it is located than in California. Thus, this Court concludes that a Georgia court would find that plaintiff's alleged injuries have taken place in Georgia versus California. Accordingly, the substantive law of Georgia controls the liability of the parties.

■ Under Georgia law, plaintiff, to succeed in an action for malicious use of civil process, has the burden to prove that defendant prosecuted the action in question (1) with malice, (2) without probable cause, and (3) that the proceeding was terminated in favor of defendant before the action for malicious prosecution is instituted. *Ferguson v. Atlantic Land & Development Corporation,* 248 Ga. 69, 72, 281 S.E.2d 545 (1981); *Georgia Veneer & Package Company, et al. v. Florida National Bank, et al.,* 198 Ga. 591, 609, 32 S.E.2d 465 (1944).

The dismissal *without prejudice* or abatement for a suit for prior pending action is not a "termination of the suit in defendant's favor" which will support an action for [malicious prosecution], because it is

not a judgment at law or dismissal reaching substantive right to the cause of action. It does not "vindicate" the defendant as to the subject matter of the suit. (Emphasis added.) *Florida Rock Industries, Inc. v. Smith, et al.,* 163 Ga.App. 361, 362, 294 S.E.2d 553 (1982), *citing, Taylor v. Greiner,* 156 Ga.App. 663, 664, 275 S.E.2d 737 (1980), *reversed on other grounds,* 247 Ga. 526, 277 S.E.2d 13 (1981).

Plaintiff argues strenuously that the holding of *Florida Rock, supra,* is not applicable to this action. In that action defendants had filed a total of three separate suits against plaintiff therein; subsequently they dismissed the second and third suit without prejudice. While dismissing their second and third suits, these parties were allowed to consolidate all of their claims for damages and injunctive relief alleged in the dismissed suits in the first action which remained alive. Thus, the court concluded that defendant's causes of action against plaintiff were still "alive as ever in the first suit". *Id.* Accordingly, plaintiff had failed to show that it had prevailed in the dismissed actions.

Furthermore, plaintiff maintains that *Crawford v. Theo,* 112 Ga.App. 83, 85, 143 S.E.2d 750 (1965) supports its contention that the voluntary dismissal of its lawsuit by defendant is sufficient to support a claim of malicious prosecution under Georgia law. In *Crawford, supra,* the court held that the voluntary termination of a dispossessory-warrant proceeding by plaintiff vindicated defendant's rights. *Id.* Therefore, according to *Crawford,* defendant prevailed for purposes of maintaining a malicious use of civil process action, even though the dispossessory-warrant action was voluntarily dismissed by plaintiff.

██ In the case at bar, the Court concludes that plaintiff has failed to show that it prevailed in the California action. It is undisputed that the parties on May 18, 1982, filed a Stipulation of Dismissal without Prejudice of all claims then pending. Although the facts of this action are quite different from those of *Florida Rock,* that court's holding, "[t]he dismissal without

prejudice ... of a suit for prior pending action is not a 'termination of the suit in defendant's favor'", is applicable to this action. 163 Ga.App. at 362, 294 S.E.2d 553.

*Crawford* is not controlling in this action. The nature of this action is quite different from that of *Crawford,* a dispossessory-warrant proceeding. A dispossessory proceeding is a statutory created action where the only issue at stake is whether the tenant is properly in possession of the premises in question. The proceeding is premised on a prior demand for possession by the landlord and a refusal by the tenant. Thus, a landlord, by voluntarily dismissing the dispossessory action, acknowledges the tenant's rightful possession. In that regard, it can be concluded that a voluntary dismissal of a dispossessory warrant vindicates the tenant's rights.

Ultimately, the Court finds that it would be anomalous to hold that a stipulated dismissal without prejudice is equivalent to a decision on the substantive rights of the parties in the action in question. Such dismissal certainly does not "vindicate" the defendant as to the subject matter of the suit involved. Accordingly, this Court concludes as a matter of law that the parties' stipulated dismissal of the California action bars plaintiff's action for malicious prosecution.

For the foregoing reasons, after reviewing the entire record, the Court concludes that there is no genuine issue as to any material fact and that defendant is entitled to summary judgment. Therefore, defendant's motion for summary judgment is hereby GRANTED.